IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MCCORMACK BARRON MANAGEMENT, | § § § | |
| Plaintiff, | § § | SA-19-CV-00862-FB |
| vs. | § § | |
| JAMES W. MYART JR., | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be remanded for lack of removal jurisdiction.

**I. Background**

This case was originally filed in the 837th Judicial District Court for Bexar County, Texas by Plaintiff McCormack Baron Management, Inc. ("McCormack") on August 15, 2018 against Defendant James W. Myart, Jr. (Orig. Pet. [#1-3] at 47–49.) McCormack is the manager of property known as Wheatley Park Senior Living in San Antonio, Texas. (*Id.* at 48.) McCormack initiated this lawsuit by filing an "Application for Protective Order" against Myart to protect McCormack and its employees, agents, representatives, and residents from Myart entering the property based on a posted notice informing Myart he was banned from the

1

premises. (*Id.* at 48–49.) The parties entered into an Agreed Protective Order on August 17, 2018, which prohibited Myart from "going within 500 feet of [McCormack's] businesses located at Wheatley Park Senior Living," among other relief. (Protective Order [#1-3] at 52–54.)

McCormack leases a portion of its apartment building to BiblioTech East Library. (Kirkpatrick Aff. [#1-3] at 56.) Myart was seen at the library on repeated dates from March 7, 2019 to May 8, 2019. (*Id.*) McCormack moved to hold Myart in contempt for violation of the Protective Order, but the state court denied the motion. (Contempt Mtn. [#1-3] at 71–73; Order [#1-3] at 2.) Myart filed a "Cross-Action Petition Application for Temporary Restraining Order and Temporary Injunction" against McCormack, Nicole Love (Manager of Wheatley Senior Living Center), Bexar County, Bexar County Judge Nelson Wolff, Laura Cole, and Dr. Ivey on June 12, 2019. (Myart Pet. [#1-3] at 25–36.) Myart's Petition alleges that "Defendants have embarked on a 'destroy James Myart' scheme of events including but not limiting to having [him] arrested while he was attempting to complete work at the Bibliotech Computer Library." (*Id.* at 27.) Myart asserts violations of his right to equal protection and to be free from unreasonable search and seizure pursuant to 42 U.S.C. § 1983, as well as state-law causes of action. (*Id.* at 28–36.) The Court construes Myart's Petition as asserting counter-claims against McCormack and third-party cross-claims against Bexar County, Wolff, Cole, and Ivey (hereinafter referred to as "the Bexar County Cross-Defendants").

The Bexar County Cross-Defendants removed this case to federal court on July 19, 2019, asserting removal jurisdiction based on the federal questions raised in Myart's "Cross-Action." (Notice of Removal [#1] at 2.) McCormack and Love consented to the removal. (*Id.* at 3.) The Honorable United States District Judge Fred Biery referred this case to the undersigned for all

pretrial proceedings, and the undersigned set this case for its standard initial pretrial conference. (Order [#5].)

In preparation for the conference, the undersigned initiated a review of the case file, including a review of this Court's subject matter jurisdiction. This Court has an independent duty, at any level of the proceedings, to independently examine the basis of its subject matter jurisdiction *sua sponte*. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The undersigned has concluded this Court lacks subject matter jurisdiction over this case and must therefore remand to the 837th Judicial District Court for Bexar County.

## II. Analysis

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over suits involving federal questions. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . ." 28 U.S.C. § 1441(a). "The Supreme Court has explained that 'under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695–96 (5th Cir. 2017) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)). It has been long held that whether a case arises under federal law must be determined from the plaintiff's complaint, irrespective of any defense raised by the defendant. *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 10. In other words, the critical question in evaluating removal jurisdiction is whether the "action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019), *reh'g denied*, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

Accordingly, counterclaims, even if they rely exclusively on federal substantive law, do not give rise to removal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 61–62 (2009). *See also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 831 (2002) ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction"); *Renegade Swish, L.L.C.*, 857 F.3d at 697 ("*Holmes Group* and *Vaden* extinguished any possibility that a counterclaim can establish federal question jurisdiction.") The Supreme Court recently clarified that this reasoning applies, even where the removing party is a "third-party defendant" to a counterclaim, as here. *Home Depot U. S. A., Inc.*, 139 S. Ct. at 1750.

The Bexar County Defendants—as third-party Defendants—erroneously relied on the federal issues raised in Myart's cross-claims to establish removal jurisdiction. These claims cannot form the basis of this Court's subject matter jurisdiction. *See id.* McCormack's pleading does not assert any federal cause of action and therefore could not have been filed originally in federal court based on federal subject matter jurisdiction. No party has asserted that there is diversity jurisdiction over this case. Accordingly, there was no jurisdiction for removal, and the District Court must remand for lack of subject matter jurisdiction. Based on this recommendation, the undersigned will cancel the scheduled pretrial conference in this case.

### III.  Conclusion and Recommendation

Having considered the pleadings and procedural history of this case and the governing law on removal jurisdiction, the undersigned **recommends** that this case be **REMANDED** to the 837th Judicial District Court for Bexar County.

**IT IS ALSO ORDERED** that the Initial Pretrial Conference scheduled for October 11, 2019 at 10:00 a.m. is **CANCELED**.

### IV. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of October, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE